### TYSEN v. TYSEN.

(Supreme Court, Appellate Division, First Department.   March 11, 1910.)

PARTIES (§ 51*)—PROPER PARTY—BRINGING IN NEW PARTIES.

Code Civ. Proc. § 452, provides that, when a complete determination of the controversy before the court cannot be had without the presence of other parties, the court must direct them to be brought in, and, where a person not a party to the action has an interest in the "subject-matter" and makes application to be made a party, it must direct him to be brought in. Parties were divorced in Michigan, and the husband, who was a nonresident, was not properly served. After the decree of divorce, the husband opened the decree so as to enter his appearance and make the decree valid. The wife thereafter married in New York, and her second husband sued to dissolve the marriage by reason of the invalid foreign divorce, and her former husband applied to be made a party. Held, that the former husband was not interested in the "subject-matter" of the instant suit, which was the validity of the marriage, and hence was neither a necessary nor proper party to the suit.

[Ed. Note.—For other cases, see Parties, Dec. Dig. § 51.*]

Clarke and McLaughlin, JJ., dissenting.

Appeal from Special Term, New York County.

Suit by Robert F. Tysen against Fay L. Tysen, and Joseph H. Benrimo, respondent. From an order granting the motion of Benrimo to be made a party defendant, plaintiff appeals. Reversed, and motion denied.

Argued before CLARKE, McLAUGHLIN, LAUGHLIN, SCOTT, and DOWLING, JJ.

Frederick N. Van Zandt (Walter G. Howell, on the brief), for appellant.

Henry White, for respondent.

LAUGHLIN, J. The action is brought to annul a marriage between the plaintiff and the defendant Fay L. Tysen, upon the ground that she previously intermarried with the respondent Benrimo, who was then living, and that a decree of divorce which she had obtained from him in the state of Michigan was null ·and void, upon the ground that he was a nonresident of that state, and that service upon him was made by publication only, and that he did not appear personally or by attorney. The answer of the defendant Tysen contains, · among other things, allegations that on the 13th day of July, 1906, more than three years after the decree was granted in the state of Michigan, Benrimo remarried, and thereafter and on the 1st day of November, 1909, after the commencement of this action, a doubt having arisen with respect to the validity of the divorce, Benrimo applied to the court in Michigan for leave to enter his appearance and file an answer nunc pro tunc, as of a date prior to the granting of the decree, and to have the decree amended in conformity therewith, which application was granted, and that therefore the decree has been validated.

The respondent concededly is not a necessary party to the action, for the only relief sought is an annulment of the marriage between the plaintiff and the defendant Tysen, with which the respondent is not concerned. It is claimed, however, that he is a proper party, and that there is danger that the case may not be properly defended. If he were a proper party, we are of opinion that he sufficiently shows ground for intervention. The only authority for allowing a third party to be made a defendant on his own application or by direction of the court without an application by the plaintiff is contained in section 452 of the Code of Civil Procedure, which provides as follows:

"The court may determine the controversy, as between the parties before it, where it can do so without prejudice to the rights of others, or by saving their rights; but where a complete determination of the controversy cannot be had without the presence of other parties, the court must direct them to be brought in. And where a person, not a party to the action, has an interest in the subject thereof, or in real property, the title to which may in any manner be affected by the judgment, or in real property for injury to which the · complaint demands relief, and makes application to the court to be made a party, it must direct him to be brought in by proper amendment."

It will thus be seen that a person not a party to the action may be made a party on his own application only where he has an interest in the subject of the action or in real property, the title to which may be affected by the judgment, or for injury to which relief is de-

manded. Is the former husband of the defendant Tysen interested in the subject of this action, which is the annulment of her marriage to the plaintiff?

The respondent is, of course, interested in the decree of divorce obtained in the state of Michigan, and he would doubtless be interested in any action, suit, or proceeding that would affect that decree as evidence or his rights under it. It is manifest, however, that no judgment that can be rendered in this action can upon any possible theory affect the rights of the respondent under said decree. The subject of this action is the marriage between the plaintiff and the defendant Tysen. The judgment can only operate upon that by affirming or annulling it. The former marriage and the former divorce of the defendant Tysen are only involved collaterally as evidence on the subject of her right to contract the marriage with the plaintiff. If her marriage with the plaintiff be annulled in this action, the decree, of course, will be binding upon her and upon the plaintiff, and, with respect to them and their property and their issue, will be given force and effect in this state; but in the state of Michigan it will in no manner affect the validity of the divorce between the respondent and the defendant Tysen, nor will it in any manner bind or affect the personal or property rights of the respondent, even within the confines of the state of New York. It would not be res adjudicata as to him. It would not be competent evidence against him or his heirs or next of kin or devisees. The fact that on the trial of this action evidence may be produced of such a conclusive character that it would be available in any other action affecting the rights of the respondent or of his issue or heirs, next of kin, or devisees, affords no ground for making him a party defendant, for it would be necessary to produce the evidence de novo to bind him or them.

If the plaintiff should succeed in annulling his marriage with the defendant Tysen on the ground that the divorce in Michigan was invalid, it may give rise to a suspicion that possibly the respondent's subsequent marriage was invalid; but it can have no more force, legal weight, or effect on that question than a publication or other dissemination of the facts upon which the validity of the divorce in the state of Michigan depends. The observations already made sufficiently show not only that the respondent has no interest in the subject of the action or in real property to be affected by them, but also that the court may completely determine the controversy as between the plaintiff and the defendant Tysen without prejudice to the rights of the respondent. If the respondent be a proper party to this action, then his wife by the subsequent marriage, and his children, if he should have any, would be proper parties thereto, for they would be interested in the same manner, although possibly not to the same extent, as the respondent. Moreover, if the respondent were admitted as a party, all of the consequences of a decision adverse to him may not be foreseen. It may well be that his subsequent marriage would be thereby directly affected and invalidated possibly within this state, at least as to him, and it is possible that the judgment might be binding here upon his wife and children, if he has any by the sec-

ond marriage. The anomalous situation would then be presented of having a decree of divorce between the respondent and the defendant Tysen perhaps valid, in the state of Michigan, on the theory that the courts of that state would give force and effect to their own decrees, and yet void as to both parties elsewhere. If there be authority for allowing respondent to be made a party to this action, then the same authority would justify his being made a party even against his will, and would warrant making him a party on his own application or against his will, where the validity of the divorce is involved collaterally in a litigation over property, and untold complications and endless confusion might result from such a ruling. I am impressed with the force of the argument that to grant such applications would tend to prevent collusive decrees; but I am of opinion that this is a matter for legislation, not for judicial construction which would be tantamount to legislating, and until the Legislature sees fit to adopt some system for service upon and appearance by the Attorney General or district attorney or some one in behalf of the public in such actions to perform functions analogous to those performed in similar cases by the King's Proctor in England, it is better and wiser, I think, that the practice which has heretofore prevailed should be continued.

It follows, therefore, that the order should be reversed, with $10 costs and disbursements, and motion denied, with $10 costs.

SCOTT and DOWLING, JJ., concur.

CLARKE, J. (dissenting). While admitting the force of the reasons given by Mr. Justice LAUGHLIN in his opinion reversing the order permitting the respondent, Benrimo, to intervene, I hesitate to concur therewith.

Marriage is not only a contract, but creates a civil status. In matters affecting such status the state, as well as children and third parties, are interested. In actions for a divorce, section 1757 of the Code of Civil Procedure expressly confers a right upon any co-respondent named in any of the pleadings, at any time before the entry of judgment, to appear and to defend such action so far as the issues affect such co-respondent. Before the enactment of that section, the courts in this state, upon the application of an alleged co-respondent, had permitted him to intervene to deny the charge and to cross-examine.

Although references may be had in matrimonial actions, judgment is not entered as of course upon the report of the referee, but the court examines the record and orders the judgment. In such actions an interlocutory judgment is first entered, and there must be a delay of three months before the entry of a final judgment. In this country, with its numerous states, and with their various policies in relation to the subject of marriage and divorce, complications frequently arise under which a man's status changes as he crosses state lines.

In view of these facts, of the various statutory provisions, and the attitude of the courts towards this subject, it does not seem to me that it is a violent wrenching of the provisions of section 452 of the Code

to hold, in an action to annul a marriage, based upon the contention that a divorce theretofore obtained in another state of the Union was invalid, that a party to that divorce and who, upon the faith and credit of it, has contracted a subsequent marriage, when he comes into our courts and asks leave to show that it was a valid divorce, may not be considered a proper party to the action. He is not a necessary party, I admit. The subject of the action is the validity of the marriage between the plaintiff and the defendant. Whether or not that marriage is valid depends upon the validity of the divorce heretofore had between the defendant and the intervener.

It seems to me, upon the allegation that he fears that the defense interposed of the validity of that former divorce will not be properly presented, that the court should allow him an opportunity of presenting all the facts in the interests of justice and in the preservation of the matrimonial status, always of especial concern to the state.

I therefore think the order should be affirmed.

McLAUGHLIN, J., concurs.