In re CURTISS.

(Supreme Court, Appellate Division, First Department. April 8, 1910.)

1. INSANE PERSONS (§ 29*)—RESTORATION TO SANITY—INQUISITION.

Code Civ. Proc. § 2343, providing that, where one for whom a committee is appointed becomes competent, the court must discharge the committee, and require the restoration of the property in the committee's hands, does not authorize an order appointing a commission and directing the issuance of a writ de lunatico inquirendo and inquiry to be made by the commission with a jury as to the competency of such person.

[Ed. Note.—For other cases, see Insane Persons, Cent. Dig. §§ 42, 140, 150; Dec. Dig. § 29.*]

2. INSANE PERSONS (§ 29*)—RESTORATION TO COMPETENCY.

Code Civ. Proc. § 2327, relating to the appointment of a commission, or for the trial by a jury as to the competency of an alleged incompetent person, applies only to proceedings for the appointment of a committee of an incompetent person in the first instance, and not to proceedings for

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

the restoration to competency of one for whom a committee has already been appointed.

[Ed. Note.—For other .cases, see Insane Persons, Cent. Dig. §§ 42, 140, 150; Dec. Dig. § 29.*]

3. JUDGMENT (§ 822*)—FOREIGN JUDGMENT—COLLATERAL ATTACK.

A judgment of a court of a sister state having jurisdiction adjudging a person incompetent, and appointing a committee of her person and property, may not be attacked in a collateral proceeding in the courts of this state.

[Ed. Note.—For other cases, see Judgment, Dec. Dig. § 822.*]

Appeal from Special Term, New York County.

In the matter of the application of Julia M. Curtiss, an incompetent person. Appeal from an order appointing a commission and directing a writ de lunatico inquirendo to issue and inquiry to be made by the commission with a jury as to whether said incompetent is now competent to care for herself and her property. Reversed.

See, also, 120 N. Y. Supp. 1120.

Argued before INGRAHAM, P. J., and CLARKE, McLAUGHLIN, SCOTT, and DOWLING, JJ.

Gratz Nathan (Morgan J. O'Brien, of counsel), for appellant.

Kellogg & Rose (L. Laflin Kellogg, of counsel, Alfred C. Pette, on the brief), for respondent.

CLARKE, J. In July, 1907, a petition was presented to the probate court for the district of Fairfield, Conn., representing that Julia M. Curtiss had her domicile in and was a resident of the town of Fairfield, in said district, and has property and estate in said town; that, by reason of intemperance and mental derangement, she had become and was incapable of managing her affairs. Upon the 17th of August, 1907, the said probate court made an order finding the allegations in the said application contained to be true, and appointing conservators for said Julia M. Curtiss, who accepted said trust and gave bond for the faithful discharge of their duties. On October 7, 1907, upon the application of said conservators, the Special Term of the Supreme Court in the county of New York appointed them the committee jointly of all the property of the said Julia M. Curtiss within this state. On July 9, 1909, the alleged incompetent filed a petition asking for the vacation of the foregoing order, and on August 26, 1909, her application was granted by an order, from which an appeal was taken to this court, where it was reversed. 134 App. Div. 547, 119 N. Y. Supp. 556. This court said:

"The principal question, therefore, in the present case, is whether or not Mrs. Curtiss was a resident of Connecticut. If she was domiciled there, the probate court having jurisdiction of the subject-matter acquired jurisdiction of her person by process issued and served as permitted by the statutes of Connecticut, and its finding and decree are conclusive here, and not open to collateral attack. If she was not a resident of Connecticut, neither the court there nor this court ever acquired jurisdiction to support the order which was vacated below. On the question of residence, we think that the preponderance of persuasive evidence is in favor of the contention that the alleged incompetent was in legal acceptation a resident of Connecticut. * * * If, as we conclude, she was a resident of Connecticut, the probate court there had jurisdiction, and its decree is conclusive here."

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

An appeal was taken to the Court of Appeals, where the order of this court was affirmed. 197 N. Y. 583, 91 N. E. 1111.

A petition verified by Mrs. Curtiss on December 6, 1909, was presented to the Special Term, which set forth that she resides in the borough of Manhattan, city of New York, and domiciled in the state of New York. She then sets up the proceedings heretofore alluded to, and alleges:

"That your petitioner is in no way addicted to the use of intoxicating liquors, nor has she any desire therefor, nor is she in any way mentally incompetent or incapacitated, but, on the contrary, she is now in every respect mentally sane and perfectly competent to manage and control both her person and property, and in fact at no time either prior to or since the initiation of said proceedings above mentioned has she been incompetent to manage herself or her affairs in consequence of lunacy, idiocy, habitual drunkenness, or imbecility arising from old age or loss of memory and understanding or other cause, or by reason of intemperance or mental derangement of any kind whatsoever."

And she prayed that the order of October 7, 1907, appointing the committee of her estate be wholly superseded, the committee discharged, and she be restored to the full enjoyment of her person and property, whereupon the court made an order that a commission in the nature of a writ de lunatico inquirendo be issued and the said commissioners inquire by jury whether the petitioner is a person incompetent to manage herself or her affairs in consequence of lunacy or habitual drunkenness.

It will be seen by the petition that she challenges the decision of this court, affirmed by the Court of Appeals, in two respects: First, as to the jurisdiction of the probate court of Connecticut, by alleging that she is and has at all times since the year 1890 been a resident and domiciled within the state of New York, notwithstanding the fact that this court decided that at the time of the institution of these proceedings in Connecticut the probate court had jurisdiction of her person because she was then a resident of Connecticut; and, second, that at no time either prior to or since the initiation of said proceedings has she been incompetent to manage herself or her affairs, although this court held that, as the probate court of Connecticut had jurisdiction of her person and the subject-matter, the question of her incompetency could not be inquired into in this state in a collateral proceeding.

It will be noted, also, that, while in her petition she prayed for a supersedeas of the order appointing the committee, the order appealed from appoints a commission in the nature of a writ de lunatico inquirendo to inquire whether she is a person incompetent to manage herself or her affairs. The learned counsel for the respondent claims as authority for this proceeding section 2343, Code Civ. Proc., which provides that:

"Where a person, with respect to whom a committee is appointed as prescribed in this title, becomes competent to manage himself or his affairs, the court must make an order discharging the committee of his property or the committee of his person, or both, as the case requires, and requiring the former committee to restore to him the property remaining in the committee's hands. Thereupon the property must be restored accordingly."

If this be authority for the supersedeas prayed in the petition, it certainly is not for the order appealed from.

The only provision for the appointment of a commission which can direct the sheriff to summon a jury is found in section 2327, Code Civ. Proc. That applies solely to proceedings taken for the appointment of a committee of an incompetent person in the first instance. No such proceedings are authorized by statute where the party with respect to whom a committee has been appointed, as prescribed in title 6, claims that he has become competent to manage himself or his affairs.

But the objection to the order appealed from goes deeper. It has been judicially determined that the Connecticut court had jurisdiction, and, having had jurisdiction, its order is entitled to full faith and credit, and is not to be attacked in a collateral proceeding in the courts of this state. The appointment of the committee in this state, made under section 2326, Code Civ. Proc., was based upon the conclusiveness of the order of the Connecticut court and ancillary thereto. The presence of Mrs. Curtiss in this state is by leave given by the Connecticut court for temporary purposes. The respect due to the decrees of the courts of a sister state, as well as to our own previous decision, requires this court to refuse to inquire whether that court was right or wrong in its original determination that Mrs. Curtiss was an incompetent, and to require her to try out the question as to whether her condition has so changed as to entitle her to be restored to the possession of her property and the control of her person by direct proceedings in the courts of Connecticut. The laws of that state provide sufficient methods of review.

The order appealed from should be reversed, with $10 costs and disbursements, and the motion denied, with $10 costs. All concur.