## GUGGENHEIM v. WAHL.

(Supreme Court, Appellate Division, First Department.　May 6, 1910.)

1. INJUNCTION (§ 107*)—ENJOINING PROSECUTION OF SUIT IN OTHER STATE—
   PARTIES ENTITLED TO RELIEF.
   Where a wife secured a judgment of divorce in Illinois, and the hus-
   band remarried, and the divorced wife subsequently sued in the court
   granting the divorce to annul such judgment, the husband's second wife,
   who was not a party to either suit, could not in New York enjoin the
   divorced wife from proceeding in the annulment suit and from ques-
   tioning in any court the validity of the Illinois judgment.
   [Ed. Note.—For other cases, see Injunction, Cent. Dig. §§ 181–183;
   Dec. Dig. § 107.*]

2. DIVORCE (§ 326*)—FOREIGN DIVORCES—DECREE—CONCLUSIVENESS.
   Where defendant in a divorce action in Illinois personally appeared,
   and the court had jurisdiction of the subject-matter, its judgment is con-
   clusive upon the courts of New York so long as it remains in force, and it
   cannot there be attacked collaterally or its validity be in any way ques-
   tioned.
   [Ed. Note.—For other cases, see Divorce, Cent. Dig. § 827;　Dec. Dig.
   § 326.*]

3. COURTS (§ 517*)—DIVORCE (§ 326*)—COURTS OF DIFFERENT STATES—ANNUL-
   LING DECISIONS—FOREIGN DIVORCES—CONCLUSIVENESS.
   Where the jurisdiction of a court and the right of plaintiff to prose-
   cute a suit in it have once attached, the right cannot be arrested or taken
   away by proceedings in another court, and, where plaintiff in a divorce
   action seeks to have the judgment in her favor vacated, she must apply
   to the courts of the state where the judgment was rendered.
   [Ed. Note.—For other cases, see Courts, Dec. Dig. § 517;*　Divorce,
   Cent. Dig. § 827;　Dec. Dig. § 326.*]

   Dowling, J., dissenting.

Appeal from Special Term, New York County.

Action by Aimee S. Guggenheim against Grace B. Wahl.　From
an order granting an injunction pendente lite, defendant appeals.　Re-
versed, and motion denied.

Argued before INGRAHAM, P. J., and McLAUGHLIN, SCOTT,
CLARKE, and DOWLING, JJ.

John J. Lordan, for appellant.
Samuel Untermyer, for respondent.

McLAUGHLIN, J.　The defendant in November, 1900, married
William Guggenheim, from whom in March, 1901, she obtained a
divorce in an action brought for that purpose in the state of Illinois;
he personally appearing therein.　The judgment also awarded her ali-
mony, in lieu of which, shortly after the judgment was rendered, Gug-
genheim paid to her $150,000.　In December, 1901, she married one
Wahl, in the city of New York, representing at that time that she
was single and a resident of Chicago.　This marriage was subsequently
declared illegal and void by the courts of France for reasons which
it is unnecessary to specify here.　After the defendant had obtained
the divorce in Illinois and been paid the sum stated in lieu of the ali-

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

mony awarded by the judgment, William Guggenheim married the plaintiff in this action, and they have one child. After the defendant's marriage to Wahl had been declared illegal and void, she began an action in the Supreme Court of this state against Guggenheim for divorce, alleging that he had committed adultery with the present plaintiff. The action was tried upon the merits, the complaint dismissed, and judgment to that effect was affirmed by this court. 135 App. Div. 914, 119 N. Y. Supp. 1127. In the meantime the defendant had applied to the circuit court of Cook county, Ill., for leave to file a petition in the action in which she had obtained a divorce against Guggenheim to have such judgment vacated. Her application was denied, and, after this court had affirmed the judgment in the action brought by her against Guggenheim in this state, she commenced an action in the circuit court of Cook county, Ill., in the nature of a bill of review to set aside the judgment of divorce. Thereupon the plaintiff brought this action to perpetually enjoin the defendant from proceeding in the Illinois action or from questioning, by action or otherwise, in any court, the validity of the Illinois judgment, and she obtained an order practically awarding her such relief during the pendency of the action, from which defendant appeals.

The plaintiff was not a party to the action brought in Illinois, which resulted in the judgment of divorce, nor am I able to see that she has any legal interest in that judgment. She is not a party to the action now pending in the courts of that state, and, if she has any interest in the subject-matter thereof, then in a proper proceeding she should apply for leave to intervene to the end that such interest may be protected. If the action were pending in this state, under a recent decision of this court, she would not be permitted to intervene. Tysen v. Tysen (decided in February last not yet officially reported) 121 N. Y. Supp. 962. The defendant personally appeared in the action in which the Illinois judgment was rendered. That court had jurisdiction of the subject-matter of the action, and its judgment is conclusive and binding upon the courts of this state so long as it remains in force. It cannot here be attacked collaterally, nor can its validity be in any way questioned. Matter of Curtiss (decided at the April Term of this Court) 122 N. Y. Supp. 468; France v. France, 79 App. Div. 291, 79 N. Y. Supp. 580. The courts of Illinois have exclusive jurisdiction over the judgment of divorce, and, this being so, the Supreme Court of this state has no jurisdiction, and, if it had, it would not exercise its equitable powers to enjoin the prosecution of an action pending in the courts of that state to nullify or set the judgment aside. Joyce on Injunctions, § 544b; Griffith v. Dodgson, 103 App. Div. 542, 93 N. Y. Supp. 155; Edgell v. Clarke, 19 App. Div. 199, 45 N. Y. Supp. 979.

If defendant is entitled to have the judgment vacated or set aside, under our laws, she is obliged to go into the state in which the judgment was rendered. This she has done, and the courts of that state have jurisdiction of the subject-matter of the action which she has brought. "The doctrine," says Chief Justice Fuller in Re Chetwood, 165 U. S. 443, 17 Sup. Ct. 385, 41 L. Ed. 782, "is forcibly established

that where the jurisdiction of a court, and the right of a plaintiff to prosecute his suit in it, have once attached, that right cannot be arrested or taken away by proceedings in another court." See, also, Peck v. Jenness, 7 How. 612, 12 L. Ed. 841.

If the parties to this action were the same as the parties to the action now pending in the courts of Illinois, a different question would be presented and the authorities cited by the respondent, or some of them, might be applicable. But whether in that case an injunction would be granted during the pendency of the action is a question not before us, and concerning which we express no opinion.

If the foregoing views be correct, then it follows that the order appealed from should be reversed, with $10 costs and disbursements, and the motion denied, with $10 costs.

INGRAHAM, P. J., and CLARKE and SCOTT, JJ., concur. DOWLING, J., dissents.