1910.) Action by the Town of Irondequoit against Sepharine Costich.

PER CURIAM. Judgment and order affirmed, with costs.

SPRING and KRUSE, JJ., dissent, upon the ground that the ordinance is invalid.

---

TUNNEL ADVERTISING CO. v. NEWGOLD. (Supreme Court, Appellate Term. July 1, 1910.) Appeal from Municipal Court, Borough of Manhattan, First District. Action by the Tunnel Advertising Company against Morris Newgold. Judgment for defendant, and plaintiff appeals. Reversed, and a new trial ordered. Stetson, Jennings & Russell (Edward U. Roth, of counsel), for appellant. Bogart & Bogart (Isidore Weckstein, of counsel), for respondent.

GUY, J. This is an appeal from a judgment directed by the court, without a jury, in favor of the defendant, and from an order denying a motion for a new trial. The action was brought to recover the agreed rental for advertising space in the cars of the Hudson & Manhattan Railroad Company, alleged to have been furnished by plaintiff to defendant under a written agreement dated January 27, 1909, whereby plaintiff leased to defendant for a term of 10½ months advertising space in said cars to consist of "one card 11x21 inches, in each car operated"; defendant agreeing to pay therefor $40 per month until July 1, 1909, and thereafter $50 per month. The contract further provided that all advertising matter should be furnished by defendant. It is admitted that the advertising space was purchased by defendant from plaintiff to and including August, 1909; that defendant paid thereof up to March 1, 1909, and that subsequently, defendant having failed to make certain payments, an action was begun on August 20, 1909, to recover the rentals then due; that after the commencement of said action certain moneys were paid on account by defendant, and the action was settled and discontinued on October 25, 1909. Plaintiff alleges that subsequent to the commencement of said action plaintiff furnished to defendant advertising space as agreed for the months of September and October. This is denied by defendant; but the fact that plaintiff did furnish such advertising space to defendant was abundantly established by the evidence. Defendant as a further defense pleads payment by reason of the settlement of the action brought for the recovery of the rentals due on August 20, 1909. There is no evidence, however, that the settlement and discontinuance of said action was intended to or did operate to terminate the contract, and defendant would be liable for any further advertising space furnished by plaintiff to defendant in accordance with the terms of the contract. The main ground of defense relied upon by defendant at the trial, and upon this appeal, was that, at the time of the making of the contract by plaintiff and defendant, plaintiff agreed, in addition to the amount set forth in the written contract, to furnish defendant with certain poster space at the stations of the railroad company. This plaintiff admits, but alleges that it was gratuitous, and was no part of the contract of leasing. Plaintiff further alleges, and this is borne out by the uncontradicted testimony of plaintiff's witnesses, that the advertising matter for the posters was to be furnished by defendant; that defendant never did furnish such advertising matter, though plaintiff was ready and willing to furnish the poster space whenever required to do so by defendant. The evidence established fully plaintiff's performance of the written contract and defendant's liability for rental of advertising space for the months of September and October of 1909. The defense of payment was not proven, and, on all the evidence, plaintiff was entitled to judgment. The judgment should therefore be reversed, and a new trial ordered, with costs to the appellant to abide the event. All concur.

---

TURNBULL et al., Respondents, v. TURNBULL, Appellant. (Supreme Court, Appellate Division, Third Department. May 20, 1910.) Action by Lizzie Turnbull and another, as administrators, etc., of Peter Turnbull, deceased, against George H. Turnbull. No opinion. Motion denied. See, also, 121 N. Y. Supp. 1150.

---

TYLER, Respondent, v. PULVER, Appellant. (Supreme Court, Appellate Division, Fourth Department. March 23, 1910.) Action by James R. Tyler against Elias F. Pulver.

PER CURIAM. Judgment and order affirmed, with costs. See, also, 128 App. Div. 917, 113 N. Y. Supp. 1149.

KRUSE, J., dissents, upon the ground that the evidence relating to the bond and mortgage was improperly stricken out, and that the case should have been submitted to the jury.

---

TYNER, Respondent, v. BASSELIN, Appellant. (Supreme Court, Appellate Division, Fourth Department. March 29, 1910.) Action by Herbert Tyner against Theodore B. Basselin. No opinion. Judgment and order affirmed, with costs.

---

TYSEN, Respondent, v. TYSEN, Appellant. (Supreme Court, Appellate Division, First Department. April 29, 1910.) Action by Robert F. Tysen against Fay L. Tysen. H. White, for appellant. F. H. Van Zandt, for respondent. No opinion. Order affirmed, with $10 costs and disbursements. Order filed. See, also, 121 N. Y. Supp. 962.

---

UNION BANK OF BROOKLYN v. PLAZA AMUSEMENT CO. et al. (Supreme Court, Appellate Division, Second Department. May 26, 1910.) Action by the Union Bank of Brooklyn against the Plaza Amusement Company and others. No opinion. Orders of the Municipal Court affirmed, with costs.

---

In re UNITED BLDG. MATERIAL CO. (Supreme Court, Appellate Division, Second Department. May 6, 1910.) In the matter of the application of the United Building Material Company to join William E. Paine and Benjamin B. Odell, Jr., as receivers, etc., as de-