(155 App. Div. 536.)

## CURNEN v. CURNEN.

(Supreme Court, Appellate Division, First Department. March 14, 1913.)

1. APPEAL AND ERROR (§ 999*)—CONCLUSIVENESS OF VERDICT—MOTION FOR NEW TRIAL.

Where no motion was made for a new trial of issues submitted to a jury in an equity case, no order was entered denying a new trial, and no appeal is before the appellate court involving the trial, the verdict of the jury is absolutely conclusive.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3912–3924; Dec. Dig. § 999.*]

2. DIVORCE (§ 231*)—DISMISSAL OF COMPLAINT—ALIMONY.

There is no power vested in a court upon the dismissal of the complaint in an action for separation to require the payment of alimony.

[Ed. Note.—For other cases, see Divorce, Cent. Dig. §§ 658–661, 664; Dec. Dig. § 231.*]

3. DIVORCE (§ 326*)—DECREE—COLLATERAL ATTACK.

Rev. Laws Mass. c. 152, expressly gives the superior court of Massachusetts jurisdiction of divorce actions, and hence, where the parties were properly served and appeared, the question whether such court properly exercised such jurisdiction is a question only for the courts of that state; error in the exercise thereof not subjecting the judgment to collateral attack in a subsequent suit in another state.

[Ed. Note.—For other cases, see Divorce, Cent. Dig. §§ 827–830, 840; Dec. Dig. § 326.*]

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

4. JUDGMENT (§ 818*)—FOREIGN JUDGMENTS—ENTRY NUNC PRO TUNC—COL-
   LATERAL ATTACK.

   Where a judgment of another state which had been entered nunc pro
   tunc was put in evidence in this state, the question of the power of that
   court to enter such a judgment cannot be considered.

   [Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 1458–1481;
   Dec. Dig. § 818.*]

5. DIVORCE (§ 170*)—FINAL ORDERS—NUNC PRO TUNC.

   Under the statutes of Massachusetts in 1905, a decree of divorce be-
   came absolute ipso facto by the expiration of six months after entry,
   and the final order could be entered nunc pro tunc.

   [Ed. Note.—For other cases, see Divorce, Cent. Dig. §§ 552, 553; Dec.
   Dig. § 170.*]

Appeal from Special Term, New York County.

Action for a separation by Lillian E. Curnen against Bernard V.
Curnen. From a judgment denying separation, both appeal. Modified
and affirmed.

Argued before INGRAHAM, P. J., and LAUGHLIN, CLARKE,
SCOTT, and DOWLING, JJ.

Hymes, Woytisek & Schaap, of 'New York City (Edward Hymes,
of New York City, of counsel, and Michael Schaap, of New York
City, on the brief), for plaintiff.

Charles E. Mahoney (James W. Osborne, of New York City, of
counsel), for defendant.

CLARKE, J. This is an action for a separation. The complaint
alleges marriage on the 30th of October, 1907, the abandonment, de-
sertion, and neglect to provide from the 6th of September, 1909. The
amended answer alleges: A former marriage and a husband still liv-
ing, which marriage had not been dissolved. For a first defense, that
between August 4, 1909, and November 2, 1909, at the Hotel Bellevue
in Boston, Rye Beach, in the state of New York, on the Troy boat
Rensselaer, in the Central Park, and the Holland House, and at vari-
ous times and other places, plaintiff was guilty of unchaste conduct
with one Francis Colety; between October 30, 1907, and August 10,
1908, plaintiff was guilty of misconduct with one P. J. Cronin; that
on Augsut 12, 1909, or thereabouts, plaintiff abused and reviled defend-
ant because he would not receive and entertain said Colety, and there-
after continued to abuse and revile him, and defaulted in all her wifely
duties and obligations, and demanded that he separate himself from
her. For a counterclaim it alleges that at the Hotel Bellevue, in the
city of Boston, between August 3, 1909, and August 9, 1909, and on
the Troy boat Rensselaer on August 28, 1909, plaintiff committed
adultery with said Colety, and between August 4, 1909, and the com-
mencement of this action, plaintiff committed adultery with the said
Colety at places unknown to the defendant, and demanded judgment
dismissing the complaint and dissolving and divorcing the parties.

Questions were framed on the issues presented by the counterclaim,
and were tried before a jury, which answered the questions as follows:

"(1) Did the plaintiff commit adultery with one Francis Colety at the Hotel
Bellevue in the city of Boston. state of Massachusetts, between August 3,
1909, and August 9, 1909? By direction of the Court: Answer: No.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

"(2) Did the plaintiff commit adultery with the defendant Colety on the Troy boat Rensselaer in the state of New York on or about August 28, 1909? Answer: No.

"(3) Did the plaintiff between August 4, 1909, and January 19, 1910, commit adultery at any place with said Francis Colety? Answer: No."

In his charge the learned trial court, after reading the first question, said:

"By my direction you will answer that question in the negative. The case is absolutely destitute of any proof upon which would be permitted to stand for one moment any affirmative answer to that question. So I direct you to, and by my direction your answer will be, 'No.'"

And, after reading the third question—that is at any time between August 4, 1909, and January 19, 1910—the court said:

"You will notice that the dates fixed between August 4, 1909, and January 19, 1910, necessarily embrace August 28, 1909, which is a specific date in reference to this alleged boat Rensselaer incident. If it were not for that fact, I should direct you to answer that question in the negative, but because that date is there as between August 4, 1909, and January 19, 1910, I am compelled to leave that feature of that question to you, but, as to any other time or place between those dates, you must answer that question in the negative, as the case is absolutely destitute of proof of any guilt whatsoever in this case at any time or place between those two given dates, and save with the exception, as I have admonished you before, that there is some issue as between the witnesses in the case as to August 28th, and I leave that part of the question for you to answer. Practically we are to consider, gentlemen, but one question, did Mrs. Curnen commit adultery with Francis Colety on August 28, 1909, while both are alleged to have been passengers upon the steamboat Rensselaer plying between this city and Troy in this state."

[1] No motion was made for a new trial, no order was entered denying a new trial, and no appeal is before this court involving that trial. The verdict of the jury is, therefore, absolutely conclusive. Incidentally an examination of the record upon that trial shows that no other verdict could properly have been found.

Notwithstanding this result, on the trial of the remaining issues at Special Term, this whole question was gone over again to the extent of many pages of testimony, the defendant being permitted to testify at great length on matters which would tend to prove adultery, and the whole record of the jury trial being put in before the court, upon the ground that it was admissible to prove the first defense. The court, after finding that the defendant abandoned the plaintiff, has omitted and refused to live with her, although requested to do so, has refused to provide for her, finds as follows:

"(27) Between October 30, 1907, and August 10, 1909, plaintiff was guilty of unchaste intercourse with one Patrick J. Cronin based upon mutual attraction or passion."

That finding has no foundation in the evidence, and is not an issue presented by the pleadings. The charge in the pleading is from the 30th of October, 1907, to August 10, 1908. The court carries it down to August 10, 1909, a year afterwards. This does not require further comment.

"(28) Between August 4, 1909, and October 2, 1909, plaintiff was guilty of unchaste intercourse with one Francis Colety, based upon mutual attraction or passion.

"(29) Plaintiff's conduct with said Cronin and Colety was such as to justify defendant in believing that she was false to her marital obligations.

"(30) Plaintiff continued such intercourse with said Cronin and said Colety and concealed the same from the defendant with knowledge that he disapproved of such intercourse.

"(31) Between August 12, 1909, and August 28, 1909, plaintiff was guilty of a course of abuse of, and cruelty to, the defendant.

"(32) At the time when plaintiff was guilty of such abuse and cruelty, defendant was informed of her said intercourse with said Cronin and Colety.

"(33) Such abuse and cruelty caused the defendant great mental pain and anguish.

"(34) Such intercourse with said Cronin and Colety caused the defendant great mental pain and anguish.

"(35) Defendant has not forgiven the plaintiff such abuse and cruelty, and has not forgiven her such intercourse with said Cronin and said Colety."

And nevertheless, as matter of law, he found:

"That plaintiff's said intercourse with Colety and Cronin, and her said abuse and cruelty, was misconduct amounting in law to cruel and inhuman treatment of the defendant by the plaintiff, and was such misconduct as justified the defendant in abandoning the plaintiff, and refusing longer to continue with her the relations of husband and wife; that the plaintiff is entitled to a decree directing the defendant provide suitably for her support. Defendant is entitled to final judgment dismissing the complaint upon the merits without costs, but providing that the defendant shall pay the plaintiff the sum of $20 per week for her support commencing with the date of entry of this judgment; and plaintiff is entitled to final judgment dismissing the counterclaim upon the merits, without costs, and the alleged co-respondent Francis Colety is entitled to recover his costs from the defendant."

And a judgment in accordance therewith was entered.

The plaintiff appeals from so much of said judgment as dismissed her complaint. There is no warrant in law for the judgment as entered.

[2] There is no power vested in the court upon the dismissal of the complaint in an action for separation to require the payment of alimony. The two things are absolutely inconsistent. Permanent alimony follows the judgment for separation. It cannot exist without it. The findings referred to are unsupported by the evidence. What the court meant by this new phrase that it has coined, "of unchaste intercourse based upon mutual attraction or passion," is not made to appear. The only foundation for such a finding would be the evidence of the trip to Troy on the Rensselaer by the plaintiff with Mr. Colety, and, if evidence of that event has any probative force, it leads to but one conclusion, and that is adultery. But there was no such trip to Troy. That has been completely and properly disposed of by the verdict of the jury. It was the only issue submitted to them.

This is a roundabout way of one judge at Special Term setting aside the verdict of a jury at Trial Term. The judgment should be modified by striking out the provision for the dismissal of the complaint, and granting the separation prayed; and to do that it will be necessary to reverse the twenty-seventh, twenty-eighth, twenty-ninth, thirtieth, thirty-first, thirty-second, thirty-third, thirty-fourth, and thirty-fifth findings of fact, and the fifth conclusion of law, and a modification of the seventh, to provide that the plaintiff is entitled to judgment for a separation from the bed and board of the defendant.

The defendant appeals from each and every part of the judgment except that he does not appeal from the provision that the plaintiff's complaint should be dismissed upon the merits, with costs.

He claims that the finding of a lawful marriage is wrong because the plaintiff failed to prove a divorce from her former husband. The plaintiff was married to one Cornell at Memphis, Tenn., in 1889. A duly certified exemplification of the record from the superior court of Massachusetts of an action between Wilson G. Cornell and Lillian E. Cornell was put in evidence, wherein the libel is as follows:

"To the honorable the justices of the superior court, holden at Dedham, within and for the county of Norfolk, respectfully libels and represents Wilson G. Cornell, of Boston, in the county of Suffolk, that he was lawfully married to Lillian E. Dale, now of Brookline, in the county of Norfolk, both in the commonwealth of Massachusetts, at Memphis, Tennessee, on the 24th day of December, A. D. 1889, and thereafter your libelant and the said Lillian E. Cornell lived together as husband and wife in this commonwealth, to wit, at Boston, from the year 1897, up to September, 1902, and that there has been born of this marriage a daughter, Vera, now aged fifteen years; that your libelant has always been faithful to his marriage vows and obligations, but that the said Lillian E. Cornell, being wholly regardless of the same, in New York City on the 16th day of September, A. D. 1902, utterly deserted him, and has continued such desertion from that date to the date hereof being more than three consecutive years next prior to the filing of this libel. Wherefore your libelant prays that a divorce from the bonds of matrimony may be decreed between your libelant and the said Lillian E. Cornell. Dated this 27th day of September, A. D. 1905."

This libel was filed in the office of said clerk at Dedham September 30, 1905, and an order or notice of service was made on the 10th of October. The appearance of Melville O. Adams, Esq., was entered for said libelee on the 19th of October. The following return of service upon the said libelee was served:

"Officer's Return. Norfolk—ss.: October 5, A. D. 1905. I this day served the within libel and order of court thereon upon the within named Lillian E. Cornell by delivering an attested copy thereof to her in hand. D. Edward Beede, Deputy Sheriff."

An answer was filed on December 7, 1905, alleging:

"First, that she was married to the said libelant as alleged in the libel at Memphis, Tenn., on December 24, 1889, and that she lived with the libelant together as husband and wife in this commonwealth as alleged in said libel; second, the libelee denies the other allegations contained in this libel."

On the 11th of December, 1905, the record shows that she prays that the court will decree to her the care and custody of her minor daughter Vera Cornell, and that the libelant may be required to pay a suitable amount for care and education of said daughter and for alimony, etc., and the record goes on:

"And the witnesses having been examined and the evidence produced in support of said libel having been seen and understood, and a hearing of the libelant having been had, and the material facts alleged to sustain said libel having been satisfactorily proved on the 7th day of December, 1905, the following decree nisi was entered [which was a decree of divorce]. This decree to become absolute after the expiration of six months from the entry hereof, unless the court shall have for sufficient cause upon application of any party interested otherwise ordered. Entered, June 18th, 1906, as of December 7th, 1905. And on the 8th day of June, A. D. 1906, and after

the expiration of six months from the entry of said decree nisi the court not having for sufficient cause, on the application of any party interested otherwise ordered, said decree nisi became absolute according to the statute in such case made and provided."

The claim of the defendant is that that decree is a nullity, and may be attacked collaterally, based upon the following provisions of the Massachusetts statute (Revised Laws, Vol. II, pp. 1352, 1353):

"A divorce from the bond of matrimony may be decreed for * * * desertion, continued for three consecutive years next prior to the filing of the libel. * * * A divorce shall not * * * be decreed * * * for a cause which occurred in another state or country unless before such cause occurred the parties had lived together as husband and wife in this commonwealth and one of them lived in this commonwealth at the time that the cause occurred. If the libelant has lived in the commonwealth for five years last preceding the filing of the libel * * * a divorce may be decreed for any cause allowed by law, whether it occurred in this commonwealth or elsewhere, unless it appears that the libelant has moved into this commonwealth for the purpose of obtaining a divorce."

The same statute provides:

"Libels for divorce shall be filed, heard and determined in the superior court held in the county in which one of the parties lived, except that if the libelant has left the county in which the parties lived together and the libelee still lives therein, the libel shall be heard and determined in that county."

[3] The appellant admits that the superior court of Massachusetts is a court of general jurisdiction, but claims that divorce not being a matter cognizable at common law by the common law courts, when jurisdiction is conferred in divorce matters upon a court of general jurisdiction, it is nevertheless a limited jurisdiction, and the same rules applicable to proof of jurisdictional facts in regard to courts of inferior jurisdiction apply. The answer is that it appears by the statute that the court had jurisdiction of the subject-matter, to wit, a matrimonial action, and by the record that it had jurisdiction of the person by voluntary appearance and by personal service upon the defendant within the jurisdiction of the court. The court then having jurisdiction of both subject-matter and the person, the question whether it exercised that jurisdiction properly is a matter for the courts of Massachusetts, and not for the court of the state of New York. Guggenheim v. Wahl, 138 App. Div. 269, 122 N. Y. Supp. 941; Id., 203 N. Y. 390, 96 N. E. 726.

[4, 5] So in regard to the suggestion made that the court was without power to enter the decree nunc pro tunc. That is not a matter for our courts to take cognizance of, but, if so, the statute in force at the time provides (Mass. Rev. Laws 1902, c. 152, § 18):

"Decrees of divorce shall, in the first instance, be decreed nisi and shall become absolute after the expiration of six months from the entry thereof, unless the court before the expiration of said period for sufficient cause, upon the application of any person interested, otherwise orders."

And (Mass. Rev. Laws 1902, c. 177, § 4):

"Every judgment, order or decree of the Supreme Judicial Court, or the superior court, shall bear date of the year, month and day when it is entered, or the court may order it to be entered as of an earlier date as the day of entry."

The former statute provided that there should be a subsequent decree on application of either party to the court or any justice thereof in term time or in vacation, and on such application the court or justice shall make a final decree unless the court has for sufficient cause, on application of a party interested, otherwise ordered. That is to say, by the original provision there was a subsequent order required, as there is in this state, but by the later provision the decree nisi became absolute by efflux of time unless there was a positive order to the contrary. Besides the six months after the actual filing of the decree nisi had expired, and so the decree had become absolute prior to the celebration of the marriage at bar. We are therefore bound by the record and required to give full faith and credit thereto.

If we had the right to look into the evidence, I think it conclusively appears that there was nothing to show that the decree was not properly entered. The fact that Cornell in the course of his business was more or less in New York did not destroy his residence in Massachusetts, and the decree was properly entered either under the three-year or five-year clause of the Massachusetts statute.

He makes the further point that it was material error in the jury trial to admit the letter of September 9, 1909—Exhibit N–1. The answer to that is that we are not reviewing the jury trial.

It follows that on the appeal of the defendant the judgment so far as appealed from by him should be affirmed; and on the appeal of the plaintiff the decision should be modified as indicated and the judgment modified accordingly, and, as modified, affirmed, with costs and disbursements to the plaintiff. All concur.