GRIFFITH v. DODGSON et al.

(Supreme Court, Appellate Division, First Department. April 20, 1905.)

1. PATENTS—PRIORITY OF INVENTION—JURISDICTION TO DETERMINE—COURTS OF STATE.

The determination of the question of priority of invention, and of the person to whom letters patent will be issued, is within the exclusive jurisdiction of the Commissioner of Patents, and the Supreme Court of New York has no jurisdiction to pass upon that question under the guise of restraining by injunction one claimant of the right to a patent from prosecuting his claim before the Commissioner of Patents.

2. INJUNCTION—PREVENTION OF WRONG—ABSENCE OF THREATS.

An injunction will not be granted to restrain defendants from exhibiting or disclosing to any person drawings or diagrams of inventions on which plaintiff is seeking to obtain a patent, in the absence of a showing that defendants are threatening to make such disclosure, or that there is any reason to suppose that they will do so.

[Ed. Note.—For cases in point, see vol. 27, Cent. Dig. Injunction, § 9.]

3. ACCOUNTING—EQUITY TO COMPEL—SUFFICIENCY OF FACTS.

A complaint alleging that plaintiff is the inventor of a mechanical appliance; that he confidentially disclosed the same to defendants, one of whom contracted to pay him certain cash royalties and to pay the fees for taking out the patents; that such defendant had installed plaintiff's appliance upon divers plants, and denied plaintiff's right to compensation therefor; that defendants had conspired to and had delayed the granting of letters patent upon plaintiff's inventions; that by defendants' conduct plaintiff had been deprived of all emoluments which otherwise would have

accrued from his inventions; and that the amount of his damages and the amount of the profits appropriated by defendants cannot be ascertained without an accounting—does not state facts sufficient to entitle plaintiff to an accounting.

**4. DAMAGES—PLEADING—NECESSITY OF ALLEGING.**

Nor does the complaint state facts sufficient to entitle plaintiff to damages, as there is no allegation that plaintiff has sustained any damage.

[Ed. Note.—For cases in point, see vol. 15, Cent. Dig. Damages, § 406.]

Appeal from Special Term, New York County.

Action by Lawrence Griffith against Frank L. Dodgson and another. From an interlocutory judgment overruling a demurrer to the complaint, defendants appeal. Reversed.

Argued before VAN BRUNT, P. J., and McLAUGHLIN, PATTERSON, INGRAHAM, and LAUGHLIN, JJ.

Edmund Wetmore, for appellants.

Courtland V. Anable, for respondent.

INGRAHAM, J. This is an action in equity, the plaintiff asking that the defendants be enjoined and restrained from prosecuting in the United States Patent Office at Washington, D. C., interference proceedings there pending before the Commissioner of Patents, and from taking any steps whatsoever in said proceedings, or either of them, and from otherwise prosecuting in said Patent Office, or in any foreign country, any application or applications for letters patent of the United States upon any of the interference claims involved in said proceedings; and also from disclosing to any person or persons whatsoever any of the matters disclosed to the defendants, or either of them, by the plaintiff, concerning any of his inventions; and from delivering or exhibiting to any other person or persons any drawings or diagrams, or copy or description thereof, theretofore delivered or exhibited to the defendants, or either of them, by the plaintiff; and for an accounting for the damages sustained by the plaintiff, and for other relief. The facts upon which this relief is asked are that the plaintiff is the sole and original inventor and discoverer of a certain electric interlocking switch and signal system, and of a certain adaptation of the same to the pneumatic interlocking switch and signal system of the defendant Dodgson; that on or about the 21st day of December, 1901, for the purpose of interesting the defendant company in the inventions made by the plaintiff, the plaintiff disclosed to the defendant Dodgson and to the defendant company the fact that he had made the inventions aforesaid, and the nature and particulars of said inventions, under the promise and agreement then made to the plaintiff by the said Dodgson that the disclosures so made to him by the plaintiff would be treated as confidential, and would not be revealed to any one, or otherwise used by the defendants; that subsequently, on the 17th day of January, 1903, the plaintiff disclosed to the defendant Dodgson and to the defendant company his said inventions, and the nature and all the particulars thereof; that thereafter, and on or about the 28th day of March, 1903, the plaintiff filed in the United States Patent Office at Washington an

application for letters patent of the United States upon his inventions; that subsequent thereto a contract was made between the plaintiff and the defendant corporation under which the plaintiff received $2,000 in cash and an agreement by the corporation to pay the fees for taking out these patents, and to pay the plaintiff a royalty upon his patents specified in the contract, the defendant company to have the right to a license to use the said inventions for railroad signal purposes only, and the plaintiff received this $2,000; that subsequently the plaintiff delivered to Dodgson copies of his applications for the patents referred to, and then received from the defendants the $2,000; that the defendant corporation has not specified the inventions, if any, for which it desires a license, or the patents which it desires to have taken out, but have installed upon divers plants within the United States the electric interlocking switch and signal system invented by the plaintiff, and denies that the plaintiff has a right to receive compensation therefor; that the defendants have, between the 7th of April, 1903, and the 24th of August, 1904, entered into a conspiracy with each other to delay the granting to him of letters patent upon his said inventions, and, if possible, to prevent the granting to him of letters patent therefor; that on information and belief, in pursuance of said conspiracy, the defendant company delayed for more than a year the issuing to the plaintiff letters patent on said invention by failing and neglecting to co-operate with the plaintiff in prosecuting his applications for said patents, and in making application to the Patent Office for letters patent upon the plaintiff's said inventions, under a claim by the defendant Dodgson that he was the inventor and discoverer of said inventions, and that the defendant Dodgson was assignee thereof · that the defendants intend and threaten in further execution of said conspiracy to prosecute in the United States Patent Office their said application for letters patent to be issued to the defendant company, and have caused proceedings to be instituted in the United States Patent Office for the pretended purpose of determining the priority of the inventions made as aforesaid by the plaintiff; that by the conduct of the defendants the plaintiff has been deprived of all income and emoluments which otherwise would have accrued to him from his said inventions; and that the amount of the plaintiff's damages and the amount of the profits appropriated by the defendants cannot be ascertained without an accounting by the defendants, and the plaintiff has no adequate remedy at law in the premises. To this complaint the defendant demurred.

So far as this court is asked to restrain these defendants from prosecuting any claim that they had before the Patent Office at Washington, it would seem that the Commissioner of Patents has exclusive jurisdiction to determine whether the plaintiff or the defendants is entitled to a patent which the plaintiff alleges he invented. The Supreme Court of the state of New York has no jurisdiction to determine the priority of the invention for which a patent is asked. If the plaintiff's contentions are correct, we must assume that the Commissioner of Patents will so decide, and that

the plaintiff will obtain his letters patent. The Commissioner of Patents would certainly refuse to recognize an injunction granted by this court, if the court attempted to interfere with him in the performance of the duties which are vested in him by the Constitution and laws of the United States; and, he having full jurisdiction to determine the very question that the plaintiff wishes to have determined in this action, namely, who was the inventor of the improvement or device for which a patent is asked, this court has certainly no authority to determine that question. It is the very question in controversy before the Commissioner of Patents that the plaintiff asks this court to determine in this action, namely, the person who was the actual inventor of the device for which letters patent were asked. It is true that a court of equity having jurisdiction of the person of the defendant has jurisdiction to enjoin the defendant from prosecuting an action or proceeding before other tribunals, when, for some reason that is not involved in the defense of the litigation in the other tribunal, the plaintiff in such other tribunal has no right to commence or prosecute the action; but this jurisdiction has never been extended, so far as I know, to a case where the reason for asking the interposition of a court of equity can be set up as a defense in the court having original jurisdiction of the litigation. Certainly the courts of this state would not interfere upon a complaint which alleged that the plaintiff had been sued on a promissory note in the state of New Jersey, but that, as he had paid the note, that action should not be maintained, and therefore the court should enjoin the plaintiff in the New Jersey action from further prosecuting it. Here the plaintiff alleges that he was the inventor of this device; that he has applied for letters patent; that one of the defendants has claimed to be the inventor, and entitled to a patent on the invention; and that the court therefore should enjoin him from prosecuting his application for a patent. But as the individual to whom the letters patent will be issued is a subject which is within the exclusive jurisdiction of the Commissioner of Patents, over that question this court has no jurisdiction.

The plaintiff further asks that the defendants be enjoined from disclosing or delivering or exhibiting to any person or persons any drawing or diagram, or copies or description thereof, which had been delivered or exhibited to the defendants by the plaintiff. But nowhere in the complaint is it alleged that the defendants have made such disclosures, or have threatened to make such disclosures, or that there is any reason to suppose that they will make such disclosures; and there is no reason why a court should interfere by injunction to prevent the defendants from doing what they have not threatened to do or claimed the right to do. No facts are presented which justify the court in entertaining this action to require the defendants to account to the plaintiff. A violation of the agreement under which the defendants acquired knowledge of the plaintiff's inventions would give to the plaintiff a cause of action in damages, but no facts are alleged which would entitle the plaintiff to an accounting in equity. Nor can the action be main-

tained as an action to recover damages, as it is not alleged that the plaintiff has sustained any damage, his only allegation as to damage being that its amount cannot be ascertained except upon an accounting.

I think, therefore, that no cause of action in equity was alleged, and that the judgment should be reversed, with costs, and the demurrer sustained, with costs, with leave to the plaintiff to amend upon payment of costs in this court and in the court below. All concur; PATTERSON and LAUGHLIN, JJ., in result.