## CODDINGTON a. CODDINGTON.

*Supreme Court, First District; Special Term, June,* 1860.

DIVORCE.—FORMER ADJUDICATION.—ALIMONY.

After a decree of limited divorce has been obtained in the courts of another State, and while it remains unimpeached, the plaintiff cannot maintain an action here for an absolute divorce on the ground of adultery. *So held* on a motion for an allowance of alimony.

Motion for temporary alimony.

The action was by a wife against her husband for an absolute divorce; and the plaintiff now moved for an allowance pending the suit.

BONNEY, J.—This action was commenced in March last for an absolute divorce. The complaint is in the usual form, and among other things states that for the last year the defendant and one Elizabeth Blake have been openly living together as man and wife in this city. It also states that plaintiff and defendant have two children, of eleven and nine years of age respectively, who are now living with the plaintiff. On the complaint and a petition stating that plaintiff has not means for supporting herself and said two children, or for prosecuting this action, and that defendant has a salary of some two thousand dollars a year, the plaintiff moves for a temporary alimony and an allowance to defray the costs, fees, and expenses of the action.

In opposition to the motion the defendant shows that in January, 1858, the plaintiff, then alleging herself to be a resident of Johnson county, in the State of Iowa, filed her petition in the District Court of that county against the defendant, for a dissolution of their marriage, on the ground that it was impossible for her to live in peace or happiness with defendant, for reasons stated. That the defendant appeared in that action and put in answer. Proofs were taken, and the cause heard on pleadings and proofs on 12th March, 1858. Whereupon it was

ordered and decided by the court that the marriage contract existing between said parties be dissolved, annulled, and set aside, so far as from bed and board; that the complainant be divorced from the bed and board of defendant; and that plaintiff and defendant be restored to all the rights and privileges of unmarried persons, but neither of them are by such divorce permitted again to marry. This decree was made under and pursuant to title 17, chapter 86, section 1482, subdivision 8, of the Code of Iowa, by which it appears to be authorized. By the act of the Legislature of Iowa, approved March 22, 1858 (*Laws of Iowa*, 1858, ch. 117, p. 236), it is enacted that all persons heretofore divorced under or by virtue of any law of that State, whether from the bonds of matrimony or from bed and board, to whom a disability to marry again may have attached, shall, from and after the taking effect of that act, be restored to all the rights and privileges of an unmarried person.

The defendant also denies the adultery alleged in the complaint, and by affidavit states positively that said children were living quietly, peaceably, and happily with him until they were surreptitiously removed by the plaintiff from his custody, without his consent or procurement, on or about 25th March, 1860; and that he has always been, and is now willing to provide for his said children, and has done so to the best of his ability.

The above-mentioned decree for divorce contains no provision in relation to the custody of the children.

Upon these facts, this motion for alimony, &c., must be denied.

The plaintiff is shown to have prosecuted her action against the defendant in Iowa, and obtained a decree whereby, under the laws of that State, as now in force, the marriage contract between these parties has been annulled, and the plaintiff divorced from the bed and board of defendant, and both of them are restored to all the rights and privileges of unmarried persons, including the right to marry again. There may be some doubt as to the validity, effect, and extent of that decree in this State, but until it shall have been adjudged invalid, the plaintiff, by whom it was obtained, must in any event, be held to be bound by it, and not permitted to charge the defendant with the crime of adultery in case he has (as from the complaint and answer I infer is the fact) married again; and if the plaintiff

has (as the defendant in his affidavit states) lately taken the children from defendant's custody, without his consent or privity, while he was and is willing, as he states, to keep and maintain them, she cannot complain that the expense of their maintenance is thrown upon her.

The motion is denied, but, under the circumstances, without costs.