MARTHA·H. STARBUCK, Respondent, *v.* MATILDA E. STARBUCK et al., Appellants, Impleaded with Others.

HUSBAND AND WIFE — EVIDENCE — DECREE OF DIVORCE OBTAINED BY WIFE IN ANOTHER STATE, UPON GROUNDS NOT RECOGNIZED IN THIS STATE, COMPETENT EVIDENCE AGAINST HER IN ACTION FOR DOWER IN HUSBAND'S PROPERTY ACQUIRED SUBSEQUENT TO DIVORCE. In an action of dower brought by one claiming to be the widow of decedent an exemplified copy of a decree of divorce, obtained by the plaintiff in Massachusetts upon the ground of extreme cruelty, in an action in which decedent was personally served with the summons, but did not, either personally or by attorney, appear therein, or submit himself to the jurisdiction of the Massachusetts court, is competent evidence tending to defeat her claim that she is the widow of the decedent and entitled to dower in the real estate acquired by him after the decree; since the plaintiff cannot be heard to impeach a decree or judgment which she, herself, has procured to be entered in her own favor.

*Starbuck* v. *Starbuck*, 62 App. Div. 437, reversed.

(Argued January 29, 1903; decided February 17, 1903.)

APPEAL from a judgment entered January 4, 1902, upon an order of the Appellate Division of the Supreme Court in the second judicial department, overruling defendant's exceptions to an interlocutory judgment, and denying a motion for a new trial made under section 1001 of the Code of Civil Procedure.

*Artemas H. Holmes* for Matilda E. Starbuck appellant. The decisions of the court below were erroneous. (*Matter of Swales*, 172 N. Y. 651; 60 App. Div. 599.) The Massachusetts decree was well pleaded and properly proved. (*Krekeler* v. *Ritter*, 62 N. Y. 372; *Church* v. *Kidd*, 88 N. Y. 654; *Matter of Huss*, 126 N. Y. 537; *Atlanta, etc.*, v.

*Andrews,* 120 N. Y. 58; *Dunstan* v. *Wiggins,* 138 N. Y. 70; *Lloyd* v. *Matthews,* 155 U. S. 222; U. S. R. S. § 905; Code Civ. Pro. §§ 532, 952.) Plaintiff, having invoked and submitted herself to the jurisdiction of the Massachusetts court, cannot be heard to question that court's jurisdiction or the validity of its decree as affecting her marital status until it is reversed, except on the ground of fraud. (*Matter of Morrison,* 52 Hun, 102; *Hilton* v. *Guyot,* 159 U. S. 113; *Shaw* v. *Shaw,* 98 Mass. 158; *Hood* v. *Hood,* 110 Mass. 463; *Burlen* v. *Shannay,* 115 Mass. 423; *Blackington* v. *Shannay,* 141 Mass. 435; *Huntington* v. *Attrill,* 146 U. S. 657.)

*William N. Dykman* for William H. Starbuck et al., appellants. The decree of divorce was valid, material and relevant because the status of the plaintiff in Massachusetts is in question and the decree fixes that. (*Oscanyan* v. *Arms Co.,* 103 U. S. 261; *Clews* v. *N. Y. N. B. A.,* 105 N. Y. 398; *Flynn* v. *B. C. R. Co.,* 158 N. Y. 493; *Roblee* v. *Indian Lake,* 11 App. Div. 435.) The Massachusetts decree changes the marital status of the plaintiff. (*Rigney* v. *Rigney,* 127 N. Y. 408; *Cross* v. *Cross,* 108 N. Y. 628; *DeMeli* v. *DeMeli,* 120 N. Y. 485; *Williams* v. *Williams,* 130 N. Y. 199; *O'Dea* v. *O'Dea,* 101 N. Y. 23; *Matter of Kimball,* 155 N. Y. 62; *Matter of Hall,* 61 App. Div. 266; *Van Voorhis* v. *Brintall,* 86 N. Y. 18; *Haviland* v. *Haviland,* 34 N. Y. 643; *Winston* v. *Winston,* 165 N. Y. 553.) In New York the decree dissolving the marriage cut off the capacity of the plaintiff to become endowed in lands thereafter acquired by Mr. Starbuck. (*Kade* v. *Lauber,* 16 Abb. Pr. [N. S.] 288; *Barrett* v. *Failing,* 111 U. S. 523; *Matter of Ensign,* 103 N. Y. 284; *Van Cleaf* v. *Burns,* 118 N. Y. 549.) The statutes of New York did not save the plaintiff's dowable capacity from the effect of the decree. (*Wait* v. *Wait,* 4 N. Y. 95.) The Massachusetts decree must in New York be held to have dissolved the marriage and to have established Mr. Starbuck's status as an unmarried man. (*Atherton* v. *Atherton,* 181 U. S. 155; *Hawkins* v. *Ragsdale,*

80 Ky. 353; *Harding* v. *Alden,* 9 Greenl. 140; *Ditson* v. *Ditson,* 4 R. I. 87.) The respondent is estopped to deny the validity of the Massachusetts decree which she obtained. (*Matter of Morrison,* 52 Hun, 102; 117 N. Y. 638; *Matter of Swales,* 60 App. Div. 599; *Zollner* v. *Zollner,* 46 Mich. 511; Nelson on Div. & Sep. §§ 556, 1053; *Lowd* v. *Lowd,* 129 Mass. 14; *Garner* v. *Garner,* 38 Ind. 139; *Manlove* v. *State,* 149 Ind. 80; *Marvin* v. *Foster,* 61 Minn. 154; *Ellis* v. *White,* 61 Iowa, 644; *Rundle* v. *Van Inwegan,* 9 Civ. Pro. Rep. 328; *Todd* v. *Kerr,* 42 Barb. 317.)

*Robert D. Benedict* and *James Emerson Carpenter* for respondent. The Massachusetts decree was of no effect outside of Massachusetts. Its effect must be confined to the jurisdiction in which it was entered and cannot be pushed beyond the boundaries of Massachusetts into the state of New York. In New York it never had or could have any power or effect whatever. (*McGown* v. *McGown,* 9 App. Div. 368; *Williams* v. *Williams,* 130 N. Y. 199; *Hamilton* v. *Hamilton,* 26 Misc. Rep. 336; *Winston* v. *Winston,* 165 N. Y. 550; *O'Dea* v. *O'Dea,* 101 N. Y. 23; *De Meli* v. *De Meli,* 120 N. Y. 485; *Cross* v. *Cross,* 108 N. Y. 628.) There is no question of estoppel in the case. (*People* v. *Chase,* 28 Hun, 256; *Meyenborg* v. *Haynes,* 50 N. Y. 675.)

HAIGHT, J. This action was brought by the plaintiff as the widow of William H. Starbuck, deceased, to recover dower in the real estate of which he died seized.

The decedent and the plaintiff were married in the commonwealth of Massachusetts on the 14th day of October, 1857, he being a resident of this state where he continued to reside until his death, which occurred on the 29th day of March, 1896. In the year 1868 the plaintiff left her husband's residence and returned to her parents' home in Massachusetts, taking her daughter with her, where she resided until after his death. She then removed to this state and brought this action. Upon the trial the defendants offered in

evidence an exemplified record of a decree of divorce obtained
by the plaintiff from her husband in the state of Massachu-
setts on the 4th day of May, 1874, upon the ground of
extreme cruelty. The papers in that action were served upon
the decedent personally in this state, but he did not appear in
the action either personally or by attorney and did not submit
himself to the jurisdiction of the Massachusetts court. This
decree was excluded from evidence upon the objection of the
plaintiff's attorney, and exceptions were taken to such exclu-
sion by the defendants. After the divorce Starbuck con-
tracted a marriage with the defendant Matilda Eliza Starbuck
in the state of Pennsylvania, and the minor defendants are
children of that union. The real estate in which the plaintiff
seeks to recover dower is all situated in this state, and was
acquired by Starbuck after the divorce.

We are of the opinion that the Massachusetts decree was
competent and that the defendants had the right to have it
received in evidence. True, the plaintiff could not avail her-
self of a void decree, which she had procured to be entered,
any more than she could of her own declarations, but it is
different with the defendants. [They have the right to avail
themselves of the declarations, acts and decrees obtained by
their opponent, and the principle is well established that,
where a party has procured a judgment or decree to be
entered, submitting himself to the jurisdiction of the court,
he cannot thereafter be heard to question the jurisdiction of
the court which entered the judgment or decree.] The decree,
therefore, if it had been received in evidence, would have
operated to defeat her claim that she is now the widow of the
decedent and entitled to dower in the real estate acquired by
him after the decree. We have recently had under considera-
tion a similar question in *Matter of Swales* (60 App. Div.
599), affirmed upon the opinion of the Appellate Division
(172 N. Y. 651). In that case Mary E. Swales petitioned the
Surrogate's Court for letters of administration upon the estate
of William H. Swales, deceased, claiming to be his widow. It
appeared that they were married on the 3d day of May, 1869,

at Sodus, in this state, and that in December, 1873, they separated; that in the year 1883 the petitioner obtained a decree of divorce from him in the state of Illinois, which purported to dissolve the marriage between the parties upon grounds which are not recognized by the laws of this state as sufficient for that purpose. The summons or process by which the action was commenced was served by publication only, and the decedent did not appear in the action either in person or by counsel. After obtaining the divorce, the petitioner married one David Trobridge, with whom she has since cohabited and resided in this state, and by whom she has a daughter. After the death of Swales she petitioned for letters of administration, as we have seen, claiming to be his widow. In that case ADAMS, P. J., in delivering the opinion of the court, says: "We think the case justifies the application of a  * * *  principle which is, that where a party has invoked the jurisdiction of any court and submitted himself thereto, he cannot thereafter be heard to question such jurisdiction."

In *Matter of Morrisson*, (52 Hun, 102), the decedent's personal estate was claimed by the legal representatives of her deceased husband, Henry Feyh. He had previously obtained a divorce from her in the state of Ohio while she was domiciled in this state. It was claimed on behalf of the personal representatives of Henry Feyh that the decree of the Ohio court was void in this state. It was held that they were not entitled to the estate. VAN BRUNT, P. J., in delivering the opinion of the court, said: "Henry Feyh, having invoked the jurisdiction of the court of Ohio and submitted himself thereto, cannot now be heard to question such jurisdiction. And the claimants here occupy precisely the same position that Feyh would have occupied had he been living. This position does not rest upon the doctrine of estoppel, as such term is ordinarily used, but upon a principle which has been repeatedly recognized by the courts, that where a party has gone into a court and invoked its jurisdiction he cannot subsequently attack the decree of the court obtained at his

instance because of the want of jurisdiction of somebody else." This decision was affirmed in this court (117 N. Y. 638). (See, also, *Kinnier* v. *Kinnier*, 45 N. Y. 535; *Coddington* v. *Coddington*, 10 Abb. Pr. 450; *Kirrigan* v. *Kirrigan*, 15 N. J. Eq. 146; *Hunter* v. *Hunter*, 111 Cal. 261; *Hewitt* v. *Northrup*, 75 N. Y. 506; *Matter of Ellis' Estate*, 55 Minn. 401; *Ellis* v. *White*, 61 Ia. 644, and *Van Koughnet* v. *Dennie*, 68 Hun, 179.)

There are a number of cases in which the courts of this state have refused to recognize the validity of divorces obtained in other states upon grounds insufficient for that purpose in this state when the defendant resided here and was not personally served with process and did not appear in the action. (*Matter of Kimball*, 155 N. Y. 62; *Williams* v. *Williams*, 130 N. Y. 193; *de Meli* v. *de Meli*, 120 N. Y. 485; *Cross* v. *Cross*, 108 N. Y. 628; *O'Dea* v. *O'Dea*, 101 N. Y. 23.) But in none of these cases did the party procuring the decree seek a benefit by having it held invalid. [A party cannot avail himself of a defense or of a right to recover by means of an invalid decree or judgment obtained by him; but, on the other hand, he may not be heard to impeach a decree or judgment which he himself has procured to be entered in his own favor.]

We think the case under consideration cannot be distinguished from that of *Swales* or *Morrisson*. It is true that in the *Swales* case the petitioner was seeking administration instead of dower, but if she was the widow of the decedent she had a statutory right to administer the estate, and the plaintiff in her action for dower has no greater right. In the *Swales* case the petitioner after procuring her decree of divorce had remarried. In this case the plaintiff procured her divorce, but did not remarry; but it does not appear to us that this distinction affects the legal proposition involved.

It is said in the *Swales* case that the action of the plaintiff in procuring the decree of divorce in Illinois does not constitute an estoppel within the ordinary acceptation of that term; for the reason that it did not influence the decedent to do any-

thing which he would not otherwise have done. That may be true in that case; and yet in other cases the decree may influence parties to do that which they otherwise would not have done. The statute of the state of Massachusetts, upon certain conditions, permits both parties to marry again. If Starbuck had gone to that state and had contracted a marriage with a woman there, who acted upon the faith of the decree that the plaintiff had obtained, it may be that a question of estoppel would have been presented. (*Moore* v. *Hegeman*, 92 N. Y. 521.) But we do not deem it necessary to determine that question at this time. We prefer to rest our decision upon the principle that the plaintiff, having invoked the jurisdiction of the Massachusetts court and submitted herself thereto, cannot now be heard to question the validity of its decree.

The judgment of the Appellate Division and that of the trial court should be reversed and the plaintiff's complaint dismissed, with costs.

PARKER, Ch. J., GRAY, BARTLETT, CULLEN and WERNER, JJ., concur; O'BRIEN, J., absent.

Judgment reversed, etc.