BEATRICE SCHNEIDER, Appellant, *v.* HAROLD SCHNEIDER and Another, Respondents.

Second Department, April 6, 1931.

*Charles H. Kriger,* for the appellant.

*Irving Moldauer* [*Hugo Hirsh* with him on the brief], for the respondents.

CARSWELL, J. Beatrice Schneider married Harold Schneider in Brooklyn, N. Y., on May 2, 1918. On July 15, 1927, the Third Chamber of the Civil Tribunal of the First Instance of the Department of the Seine, Paris, France, a court of competent jurisdiction, made a decree divorcing Harold Schneider and Beatrice Schneider. The action, on the ground of desertion, was begun by Harold Schneider as a claimed resident of Paris, and Beatrice Schneider duly appeared in the action and submitted herself to the jurisdiction of that court and authorized her attorney to put in no defense. Harold Schneider returned to the United States in August, 1927, and on August 24, 1927, married Lillian Blatt at Baltimore, Md. These two returned to Brooklyn, N. Y., and have since resided there. On September 14, 1927, Beatrice Schneider filed an appeal from the decree of July 15, 1927, to the Court of Appeals of Paris. She urged on that appeal that the court which made the decree was without jurisdiction and that the evidence adduced to sustain the charge of desertion was insufficient. The Court of Appeals of Paris overruled her objection on the ground of jurisdiction and directed that the case be referred to a commissioner to take further testimony on the issue of desertion, directing that such testimony be forwarded to the court, at which time the second point urged by Beatrice Schneider would be ruled upon. Letters rogatory issued to a commissioner in the State of New York to take such testimony and the depositions were returned to the Paris Court of Appeals. That court has made no further decision in the matter.

Meanwhile, Beatrice Schneider, on August 10, 1928, began this action in equity for a declaratory judgment. She now seeks a decree that she is the lawful wife of Harold Schneider; that the Paris decree is invalid; that Harold Schneider and Lillian Blatt are not husband and wife and that they be enjoined from living together as such.

To nullify the Paris decree, she asserted that the authorization which she gave to appear in that action was fraudulently procured. Upon ample evidence, the court found that she appeared voluntarily in the French action and authorized an appearance under circumstances free from fraud, duress or misrepresentation. The complaint was thereupon dismissed upon the merits, and from the judgment entered thereon she appeals. She asserts that as a matter of law, under the proof herein, the decree of the French court is not final and that, therefore, the dissolution of the marital status between herself and Harold Schneider is not complete.

We are not concerned with the latter question at this time. In view of the finding of the trial court, amply sustained, that plaintiff voluntarily appeared in the French action, it must be held that

plaintiff is estopped from seeking affirmative equitable relief after having voluntarily submitted herself to the jurisdiction of the Paris court. (*Starbuck* v. *Starbuck*, 173 N. Y. 503, 508.) Her act in this respect, and her subsequent acts, have brought about the marital complications which she now seeks to utilize for the granting to her of affirmative relief. In reliance upon plaintiff's submission to the Paris court's jurisdiction and upon its decree of July 15, 1927, Lillian Blatt and Harold Schneider have married. Plaintiff deferred challenging the decree in the Court of Appeals of Paris until September 14, 1927, two months after the decree was made, and then only after Lillian Blatt married the defendant on August 24, 1927. Under the circumstances, plaintiff may not have the benefit of the equitable powers of this court and have awarded to her the affirmative relief she seeks, in an action for a declaratory judgment, the granting of which rests in sound discretion. (Rules Civ. Prac. rule 212; Civ. Prac. Act, § 473.)

Moreover, the French court in an action in which Beatrice Schneider appeared and raised the issue of jurisdiction has decided against her contention. Having appeared to contest that issue, she must abide by the decision of that court thereon. (*Tatum* v. *Maloney*, 226 App. Div. 62, 66; *Farmer* v. *National Life Assn.*, 138 N. Y. 265; *Keon* v. *Saxton & Co.*, 232 App. Div. ——.)

The judgment should be affirmed, with costs.

Present — LAZANSKY, P. J., YOUNG, HAGARTY, CARSWELL and TOMPKINS, JJ.

Judgment unanimously affirmed, with costs.