JEANETTE BORENSTEIN, Plaintiff, *v.* DAVID BORENSTEIN, Defendant.

Supreme Court, New York County, April 2, 1934.

*Hollander & Bernheimer* [*Harry T. Zucker* and *Gerard Beekman Crook* of counsel], for the plaintiff.

*Alfred Mann* [*Julius Wolfson* and *George Silverman* of counsel], for the defendant.

McLaughlin, J. Motion by plaintiff to strike out defenses. Plaintiff asserts that she obtained a binding judgment of divorce in California which awarded her certain moneys. She sues to reduce that money claim to a money judgment here. The defenses divide themselves into two classes. Defenses 1, 2 and 3 concern themselves with a Mexican divorce. The California decree was entered in January, 1934. The first three defenses say that in 1932 plaintiff and defendant participated in an action in Mexico, both appearing; that at the time plaintiff was a resident of Mexico. That a valid decree was entered in Mexico dissolving the marriage, and when the California decree was entered that decree was in full force and effect. That no mention was made in the California suit or decree of the Mexican decree. It must be assumed that the California decree contains a finding that in January, 1934, the parties were husband and wife, and that that finding connotes the invalidity of the Mexican decree. In none of these defenses is the right of the California court to decide its own jurisdiction alleged. The attack is on the ground that the finding was error, and (as to the second defense) induced by the fraud of both parties, for the defendant appeared and it was his duty to inform the court of the Mexican decree. The first three defenses are struck out without leave to plead over. The fourth defense is different. In effect, it states that when defendant was served in California he appeared and did nothing further in the action. The denial in paragraph fifth of the answer is carried into this defense. It is settled law that parties cannot confer jurisdiction of the subject-matter of an action. Mere consent (*i. e.,* merely appearing) will not confer jurisdiction. Plaintiff alleges that the California court has jurisdiction in divorce. The denial is futile in form and, therefore, is not carried into the defense. This court knows nothing about California divorce law. If divorce law were common law, it would assume that the California divorce law is the same as the New York common law. But there is no common law of divorce in New York State. Divorce law in New York is wholly statutory. The defense is that plaintiff was not a resident of California for the requisite time to give that court jurisdiction. All we know is that the time requisite for a residence in California is one year (pleaded). The Federal cases in treating of residence deal with the right of a State to pass laws for constructively obtaining jurisdiction over the person. In its last analysis the question whether our courts will review a finding of jurisdiction over the subject-

matter involves a question of public policy. The Federal courts will not forbid our refusal to recognize such a finding if it is against our public policy. In *Gould* v. *Gould* (235 N. Y. 14) the question of public policy as to foreign divorces was fully discussed. That case, however, does not touch the question of law here, whether this court is untrammeled when it is dealing with a divorce decree of a sister State covered by the full faith and credit clause. The Federal courts, however, in a line of cases (of which *Bell* v. *Bell*, 181 U. S. 175, is one) have laid down the rule that if the parties are not residents of the State of the forum, another State may refuse to recognize the decree. The *Gould* case intimates that if a trial has been had at which the parties both appeared with full opportunity to raise all issues, the decree will bind them, *i. e.*, we will recognize it, though not bound to do so. A mere appearance is not enough. This defense (with the denial) says that plaintiff was never a resident of California and defendant did no more than appear.

There is no case that I can find which says whether there is a public policy in the State forbidding a citizen of this State from procuring a decree in another State for a cause not recognized here. The *Gould* case holds there is no such public policy if the ground of the foreign divorce is adultery. But there are intimations in various cases (*Schneider* v. *Schneider*, 232 App. Div. 71; *Starbuck* v. *Starbuck*, 173 N. Y. 503) to the effect that there is no such public policy. If the full faith and credit clause binds us, the defense is bad. If it does not, the rule seems to be that the court can sustain the foreign decree or not in its sound discretion. A sound discretion is for sustaining the decree. This defendant participated in a Mexican divorce, which the California court held bad. He also participated in the California divorce, and consented that the Mexican decree be held void. He helped the plaintiff deceive the California court (if there was any deception). The rule that a party who invokes the foreign jurisdiction cannot question it (*Starbuck* v. *Starbuck*, *supra*) applies with full force to him. The court has said this is not estoppel. They have failed to say what it is. At any rate there is the rule.

It is certain that our courts have adopted a policy that where a party has voluntarily appeared in the action in a foreign court, then he is estopped from obtaining affirmative relief in our courts. " In view of the finding of the trial court, amply sustained, that plaintiff voluntarily appeared in the French action, it must be held that plaintiff is estopped from seeking affirmative equitable relief after having voluntarily submitted herself to the jurisdiction of the Paris court." (*Schneider* v. *Schneider*, *supra*, 72.)

This defendant, having been served personally with process in the State of California and having appeared in the action, this court would not permit him thereafter to question the jurisdiction of that court, and the binding effect of that judgment as against him. In principle there seems to be no difference between a defendant who voluntarily submits to the jurisdiction of a court and a plaintiff who invokes the jurisdiction. The Court of Appeals has held that a plaintiff who as a plaintiff invokes the jurisdiction of a court cannot afterwards be heard to question it. " We prefer to rest our decision upon the principle that the plaintiff, having invoked the jurisdiction of the Massachusetts court and submitted herself thereto, cannot now be heard to question the validity of its decree." (*Starbuck* v. *Starbuck, supra,* 509.)

*Andrews* v. *Andrews* (188 U. S. 14) is a case arising in Massachusetts. There the public policy of the State was expressed by statute. We have no such public policy as shown by the decisions when there is a proper service of process and an appearance in the sister State. (*Starbuck* v. *Starbuck, supra; Schneider* v. *Schneider, supra.*) It is true that *Gould* v. *Gould* (*supra*) limited the consideration to a charge of adultery, but that was all there was before the court at that time. *Starbuck* v. *Starbuck* is the authority for the same proposition as to a divorce upon grounds other than adultery. After all, the United States Supreme Court merely says that the State of the domicile of the parties is not obliged to enforce a decree where the parties practice a fraud by procuring a divorce without obtaining a *bona fide* domicile in such other State. (*Andrews* v. *Andrews, supra.*)

The fourth defense is struck out without leave to plead over.