EDYTHE STEVENS, Respondent, *v.* EDWIN A. STEVENS, Appellant.

Second Department, June 19, 1936.

*Edward Robinson, Jr.,* for the appellant.

*George E. Mulry* [*Edward S. de Pasquale* with him on the brief], for the respondent.

TAYLOR, J. Respondent sues for a separation upon the ground of abandonment and non-support. In pleading, the appellant admits the marriage, alleges that he left the respondent because of her adultery, and counterclaims for absolute divorce because thereof. He demands judgment dismissing the complaint and dissolving the

marriage. Respondent's reply places in issue the allegation of adultery. An order framing that issue for trial by jury was entered. Such trial was commenced. Respondent moved for an order dismissing the counterclaim on the ground above stated. The motion was granted. The counterclaim was dismissed upon the ground that the defendant, having obtained a divorce in Nevada, invalid here, is bound by his act, as, having invoked the jurisdiction of the courts of that State, he could not be heard to deny their power to dissolve his marriage. The trial justice said: " The wife has started a separation suit, her husband has counterclaimed for an absolute divorce. The husband is estopped from maintaining that action, because by reason of the action he started in Nevada, as far as he is concerned, he has no wife. That marriage is dissolved as far as he is concerned." The appellant contends that the claimed estoppel does not exist as far as this action is concerned, for herein his wife in effect asserts the invalidity of the Nevada decree by claiming that there is a valid subsisting marriage, and, therefore, that the order from which the appeal is taken should be reversed and the counterclaim reinstated. The respondent urges that the appellant, having procured such divorce in Nevada, may not maintain an action or counterclaim against her for absolute divorce in New York. She contends, also, that the appellant is not aided by section 1147 of the Civil Practice Act, and asks that the order be affirmed.

The only question is one of law, namely, as to the appellant's right, under the circumstances, to assert his counterclaim.

The following are undisputed facts: The parties were married in New Jersey on June 19, 1920. Since the marriage they have been and are residents of New York. Their sole issue is Robert Edwin Stevens, aged twelve, who resides with his mother. The parties separated on September 6, 1934. Respondent asserts that the appellant willfully abandoned her and the child and failed to contribute to their support. The appellant alleges that he left respondent because of her misconduct. On April 29, 1935, the appellant, on the ground of cruel and inhuman treatment, procured a divorce from the respondent in the District Court of the Fourth Judicial District of the State of Nevada. In that action the plaintiff herein, therein defendant, was not served personally with process. She did not appear therein. Her default was noted and the decree was entered. On June 7, 1935, this action was brought. Subsequent proceedings were had therein as stated.

The order dismissing the counterclaim is erroneous; it should be reversed and the motion to dismiss the counterclaim should be denied. The order creates a situation at once incongruous, unjust and inequitable. The respondent alleges a valid subsisting

marriage, which the appellant, her husband, in effect admits. She necessarily contends, and by his pleading he admits, that the marriage is unaffected by the wholly void Nevada decree, which merely purports to dissolve the marriage but is ineffectual for that purpose. Upon such valid marriage respondent predicates her right to her husband's companionship and support, complains of his violation of his marital obligations, and prays for a judgment of separation.

Is it possible, legally, that she alone may take advantage of such valid marriage status, and that he, because of the void decree, may not establish her adultery, if he can do so, and have the marriage lawfully dissolved with incidental dismissal of her complaint? Is respondent estopped from contending that her husband may not prove her alleged adultery as a basis of the dissolution of the marriage? These questions must be answered, the first in the negative and the second in the affirmative. A party in the position of the appellant, who obtains a foreign decree of divorce not recognized as valid in New York, is prevented from repudiating it only where his repudiation will operate to the legal disadvantage of the other party. The only disadvantage which the respondent asserts that she will suffer through the defendant's repudiation is that she will be held accountable for her adultery, if committed. Her position appears to be that the decree gives her immunity from the consequences of conduct violative of section 101 of the Penal Law — conduct condemned by decency and morals and the sole ground in this State for divorce; but that, notwithstanding the decree, the appellant is compelled to continue to be her husband, and to discharge his duties as such, although he has an apparent definite right to obtain a divorce for her adultery, if she committed it. To uphold her contention would place a premium on the statutory offense. Her contention finds no support in law, reason, morals or public policy. Having invoked the power of this court for the protection of her matrimonial status, she thereby indicates a willingness to assume the full duties and burdens of a wife. Defendant did not seek this litigation. He did not initiate proceedings for any relief. Having been brought into court, he should have the benefit of all the rights belonging to the marital relation alleged by his wife and admitted by him, unlimited by the Nevada decree. Speaking abstractly, an adulteress should not be permitted to flaunt her infidelity under the name of her husband.

The respondent relies upon principles announced in *Starbuck* v. *Starbuck* (173 N. Y. 503); *Schneider* v. *Schneider* (232 App. Div. 71), and *Brown* v. *Brown* (242 id. 33; affd., 266 N. Y. 532). In none of said cases was there presented the situation that exists in

this one. None is a precedent here. Each must be considered in the light of its peculiar facts. " Every case must be determined upon its own circumstances." (*Von Hoffman* v. *City of Quincy,* 4 Wall. [U. S.] 535, 554; *Matter of People [Title & Mtge. Guar. Co.],* 264 N. Y. 69, 84.) " Mechanical concepts of jurisprudence make easy a decision on the strength of seeming authority." (*People* v. *Nebbia,* 262 N. Y. 259, 270; *Matter of People [Title & Mtge. Guar. Co.], supra.*)

In *Starbuck* v. *Starbuck* (*supra*) the widow of one William H. Starbuck brought an action to recover dower in real estate of which he died seized in New York; she had obtained a divorce from him in Massachusetts upon the ground of extreme cruelty; her husband, later deceased, was personally served with the summons in the State of New York; he did not appear in the Massachusetts action, either personally or by attorney. After the divorce he married another woman, had children by her and acquired the real estate in question. (173 N. Y. at p. 506.) *Held,* that plaintiff could not impeach the Massachusetts divorce thus procured by her.

*Schneider* v. *Schneider* (*supra*) was an action in equity for a declaratory judgment that plaintiff therein was the lawful wife of the defendant, that a Paris decree of divorce was invalid, that defendant and the woman whom he subsequently married were not husband and wife, and that they be enjoined from living together as such. The complaint was dismissed. This court affirmed the judgment. It appeared that the plaintiff, defendant in the action resulting in the Paris decree, voluntarily appeared in the French action and that she, therefore, was estopped from seeking affirmative equitable relief after such submission to that jurisdiction; also that she deferred her appeal from the Paris decree for two months and until after the remarriage of the defendant. *Held,* that she was not entitled to the affirmative relief thus sought, the granting of which rested in sound judicial discretion (Rules Civ. Prac. rule 212; Civ. Prac. Act, § 473); also *held,* that plaintiff had raised the issue of jurisdiction in the French court, which had been decided against her, and that she must abide by that decision.

*Brown* v. *Brown* (*supra*) is authority for the general principle that a party may not be heard to impeach a decree or judgment which he has procured to be entered. It was an action based on a contract dependent on a marriage between plaintiff and defendant. It was there held that the latter might not impugn the validity of the marriage by proof that a judgment of divorce previously obtained by him in a foreign State was invalid for lack of jurisdiction, and that, his former wife being living, he was incapable of entering into a valid marriage with the plaintiff; also held (two justices dissenting)

that plaintiff was entitled to judgment for the amount found due upon the contract (242 App. Div. 33; affd., 266 N. Y. 532).

None of those cases has anything in common, legally, with this one. The appellant here is not estopped from using his wife's alleged adultery as both a shield and a sword in this her action for separation, in which she ignores the void Nevada decree. Taking Civil Practice Act, section 1168 (see former Code Civ. Proc. § 1770), at its face, this being the wife's action for separation, " a cause of action * * * may be interposed in connection with a denial of the material allegations of the complaint, as a counterclaim." Therefore, unless appellant's procurement of the Nevada divorce estopped him, his counterclaim was properly pleaded; as to that, the restrictions as to the maintenance of a cause of action for divorce do not apply. (*Rolle* v. *Rolle*, 201 App. Div. 698.) It may be conceded, for argument's sake, that the general rule estopping appellant (*Starbuck* v. *Starbuck* and other cases, *supra*) from suing his wife for divorce in New York because of the effect of the Nevada decree, would preclude him from maintaining — as plaintiff — an action against her based on the facts alleged in the counterclaim. But, as she sues, treating the Nevada decree as void and asserting a valid subsisting marriage, in effect she waives the right she would otherwise have of claiming that defendant may not plead his counterclaim. A person may waive a rule of law made for her benefit (*People ex rel. Jannicky* v. *Warden of City Prison*, 231 App. Div. 131; affd., 255 N. Y. 623), and even constitutional rights may be waived if public policy is not involved. (*Parthey* v. *Beyer*, 228 App. Div. 308.) A waiver is an intentional relinquishment of a known right. (*S. & E. Motor Hire Corp.* v. *N. Y. Indemnity Co.*, 255 N. Y. 69.) The respondent's waiver is not express, but is inferable from her institution of this separation action. Waiver is found in her act. (*Alsens A. P. C. Works* v. *Degnon Cont. Co.*, 222 N. Y. 34, 37.) By her affirmative action in bringing this suit, she shows an intentional relinquishment of the rule of law which, for her benefit, is claimed to have estopped the appellant from asserting that the Nevada decree is invalid. This case is clearly distinguishable from *Starbuck* v. *Starbuck* and kindred cases (*supra*). Here the appellant is not urging the invalidity of the Nevada decree as a basis of any right asserted by him. Said decree was not brought forward by him. It would not have figured upon the trial had respondent not injected it and insisted upon its alleged estoppel as against the appellant. Manifestly, the respondent, in order to obtain relief, must prove primarily, and it is admitted, that there is a valid subsisting marriage between the parties. (*Fischer* v. *Fischer*, 254 N. Y. 463, 466, citing *Jones* v. *Jones*, 108 id. 415; *Kramrath* v. *Kramrath*, 231 App. Div. 533, 534.)

The order should be reversed on the law, without costs, and the plaintiff's motion to dismiss the counterclaim denied.

LAZANSKY, P. J., and HAGARTY, J., concur; YOUNG and CARSWELL, JJ., dissent and vote for affirmance, with memorandum.

YOUNG and CARSWELL, JJ. (dissenting). We do not think that the defendant's counterclaim can be sustained. He is seeking affirmative relief and, in order to accomplish this, he is in effect impeaching the Nevada decree of divorce obtained by him. The authorities seem to be clear that this cannot be done. On the other hand, the plaintiff wife did not, in our opinion, waive any right she had by bringing this action for separation. As the Nevada decree was obtained without proper service upon her, it was void and she was entitled to treat it as void and to institute this action for separation, claiming that the marriage of the parties still existed. Nevertheless, this does not prevent the defendant from interposing her adultery as a defense. (Civ. Prac. Act, § 1163; *Roth* v. *Roth*, 77 Misc. 673; *Curnen* v. *Curnen*, 155 App. Div. 536.) It is only where a party seeks affirmative relief that he may not interpose a defense which in effect impeaches the foreign decree. The trial court properly dismissed the counterclaim. There should, therefore, be a new trial to enable defendant to invoke plaintiff's adultery as a defense to this action for separation.

Order dismissing defendant's counterclaim for an absolute divorce reversed on the law, without costs, and the motion denied.