## SMITH v. SMITH.
### No. 4122.

District Court of the United States for the District of Columbia.

Dec. 18, 1940.

Byron G. Carson, of Washington, D. C., for plaintiff.

William H. Yeatman, of Washington, D. C., for defendant.

LUHRING, Justice.

The plaintiff seeks an absolute divorce on the ground of voluntary separation for more than five years, or, in the alternative, a declaration that a divorce obtained by him in Mexico is valid. The complaint was filed in this court September 15, 1939.

Counsel appointed by the court to defend files a motion to dismiss the complaint for insufficiency on the following grounds:

"1. The complaint alleges a decree divorcing plaintiff and defendant rendered by a Mexican court. If the Mexican decree for divorce is valid, then the plaintiff has no standing before this court to obtain the relief prayed.

"2. If the Mexican decree for divorce is invalid, then the plaintiff according to the allegations of his complaint, has been living in a state of adultery since September 15, 1935, and is, therefore not entitled to relief from this court."

In the formal part of the complaint it is alleged that the plaintiff "files this suit in

his own name as the husband of the defendant" and that the defendant "is sued as the wife of the plaintiff."

It is alleged that the parties were married in the State of Virginia on February 3rd, 1934, and that "on the same or following day the parties to said marriage agreed to voluntarily separate and live apart and on, to wit, the 4th day of February, 1934, plaintiff and defendant did voluntarily separate at Augusta Springs, Virginia, and thereafter continuously and at all times did live separate and apart."

For the purpose of "making full disclosure" of plaintiff's situation to the court, the complaint continues in paragraph 4 with the following allegations:

"That your plaintiff, following said marriage went personally to Mexico and there complied with the requirements of the law and rules of the Civil Court of the Bravos District, State of Chihuahua, Mexican Republic, and that, on, to wit, the 12th day of November, 1934, he was, by said Civil Court granted an absolute divorce from the defendant herein; that the defendant was acquainted with the said suit for divorce, was personally served, so he is informed and believes, by a duly authorized sheriff of Augusta County, State of Virginia, who made return of service to said Court; that the defendant did not contest said suit, nor has she ever contested the same; relying upon the aforesaid decree, your plaintiff, on, to wit, the 15th day of September, 1935, married a person other than the defendant herein at Elkton, State of Maryland. On or about the 2nd day of September, 1939, the defendant herein, from whom plaintiff had not heard or seen since the time of their marriage, advised him that she contemplated marriage and wanted to know whether the Mexican decree was good and as a result of this your plaintiff sought advice from a lawyer who advised him that it was questionable, even under the circumstances hereinbefore stated as to his compliance with Mexican residential requirements and as to service, whether a Court of the United States would or would not uphold said decree, but that if such decree were not upheld it appeared that the parties had then voluntarily separated and so lived separate and apart for five continuous years which constituted a ground for divorce in this jurisdiction."

The complaint does not state facts entitling the plaintiff to a divorce. Having invoked the jurisdiction of the Mexican court and submitted himself thereto, he can not now be heard to question the validity of that decree. Curry v. Curry, 65 App.D.C. 47, 79 F.2d 172; Starbuck v. Starbuck, 173 N.Y. 503, 66 N.E. 193, 93 Am.St.Rep. 631; Schneider v. Schnieder, 232 App.Div. 71, 249 N.Y.S. 131. He alleges that he was personally present in Mexico "and there complied with the requirements of the law and rules of the Civil Court" which granted him an absolute divorce from the defendant. Notwithstanding that he sues as the husband of the defendant, these facts clearly show that he is not.

The plaintiff is not entitled to declaratory relief. There is no "actual controversy" here. The complaint alleges that the defendant wife did not contest the suit for divorce in Mexico "nor has she ever contested the same." So what the plaintiff seeks is an advisory opinion with respect to the validity of the Mexican divorce. Aetna Life Ins. Co. v. Haworth, 300 U.S. 227, 57 S.Ct. 461, 81 L.Ed. 617, 108 A.L.R. 1000.

The motion to dismiss is sustained.