MARION C. HANSEN, Plaintiff, v. ALARIC L. HANSEN, Defendant.

Supreme Court, Special Term, New York County, July 2, 1945.

*Charles Rothenberg* for plaintiff.

*Robert Moers* for defendant.

KOCH, J. This is a motion by the defendant to vacate and set aside a judgment of divorce heretofore entered. By the motion the defendant seeks leave to serve an answer denying the allegations of the plaintiff's complaint and asserting a counterclaim to the effect that at the time of the defendant's marriage to the plaintiff herein the defendant was the husband of another person then living. By reason of these facts the defendant, through the proposed counterclaim, seeks an annulment of his marriage to the plaintiff.

In seeking to avoid liability to the plaintiff, the defendant herein alleges the invalidity of a Florida decree which was obtained by his first wife prior to his marriage to the plaintiff herein. The defendant avers that his first wife lived in temporary quarters in Florida for the purpose of obtaining a divorce, served this defendant in her action only by publication, in which action he did not appear, and obtained judgment by default. Immediately upon obtaining her divorce the plaintiff's first wife left the State of Florida. The defendant has since remarried his first wife.

The law is well settled that if the defendant had obtained the Florida decree he could not be heard to repudiate the judgment which the Florida court entered upon his seeking and in his favor (*Krause* v. *Krause,* 282 N. Y. 355; *Starbuck* v. *Starbuck,* 173 N. Y. 503).

Does the fact that the defendant did not seek the Florida decree, but rather, with knowledge of the institution of the Florida action, took no steps to avoid its entry, remove him from the prohibition of the aforesaid decisions? From the facts presented to the court it appears that this defendant has not been stirred by the institution of two divorce actions, one in Florida and one in New York, heretofore instituted against him. He has apparently been awakened from his lethargy by the application of the plaintiff in this action to modify the divorce decree so as to increase the alimony heretofore allowed to her.

It is in the interest of the State that marriage obligations shall not be lightly undertaken and lightly discarded.

While this defendant did not obtain the Florida decree, he took no steps to avoid it, and he now asserts its invalidity and repudiates it in order that he may disown any legal obligation to support the plaintiff whom he purported to marry. The

language of the Court of Appeals in *Krause* v. *Krause* (*supra*) is peculiarly apt and determinative of the defendant's application. The court said (pp. 359–360): " To refuse to permit this defendant to escape his obligation to support plaintiff does not mean that the courts of this State recognize as valid a judgment of divorce which necessarily is assumed to be invalid in the case at bar, but only that it is not open to defendant in these proceedings to avoid the responsibility which he voluntarily incurred."

In view of the foregoing, the motion is denied.