Laurence D. Wood, S.
On October 19, 1959 petitioner filed herein an account of her proceedings as administratrix of the subject estate together with a petition for judicial settlement. All parties listed in the petition as being interested parties in this matter have appeared herein and filed waivers of the issue and service upon them of any citation in this proceeding and have consented to the judicial settlement of the administratrix in this account. One Adele Raleigh, also known as Adele Raleigh Coen, has appeared herein through her attorney, Henry E. Taylor, Esq., and filed objections under date of November 27,1959. The contention of these objections is that the objeetant is the widow of deceased, John Harold Raleigh, and as such is entitled to the widow’s intestate share of the estate. She also objects to the fact that the account fails to state with particularity the names, relationship, places of residence, the degree of relationship of the parties stated to be interested in the distribution of this estate and also which of them may be interested as infants or if they have any general guardian and the names and places of residence of such general guardians. Objeetant also objects to the size of the amount expended by the administratrix for funeral expenses on the grounds that it is not reasonable and is excessive for an estate of this size.
Subsequently, the attorneys appearing herein have entered into a stipulation filed herein under date of December 15, 1959 to the effect that decedent and objeetant were married in Brooklyn, New York on May 4, 1937 and that during the year 1944, the objeetant was granted a decree of divorce by a court in Juarez, Mexico without any personal appearance in the Country of Mexico by either objeetant or decedent and further that there was no appearance through an attorney in Mexico by the decedent. It was further stipulated that neither the objeetant nor decedent had ever filed or obtained a decree of divorce, separation, or annulment other than the Mexican divorce above referred to.
It is held under the above facts that no distributive share of the estate of decedent shall be allowed to the objeetant. (Decedent Estate Law, § 87, subd. [b]; Matter of Rathscheck, 300 N. Y. 346; Matter of Chomsky, 101 N. Y. S. 2d 60; Starbuck v. Starbuck, 173 N. Y. 503.)
Upon filing properly executed receipts of all persons entitled to a distributive share in the estate as listed in the petition filed *707 herein, and satisfying this court that any transfer or estate tax has been paid or that an order of no-tax has been entered herein, petitioner may take a decree of final judicial settlement in accordance with her petition heretofore filed herein. The object-ant, Adele Raleigh, also known as Adele Raleigh Coen, is entitled to no distributive share in this estate.
Decreed accordingly.